UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRIBUTE REAL ESTATE, LLC

VERSUS

UNITED ARTIST THEATRE CIRCUIT, INC., ET AL.

CIVIL ACTION

NO. 10-106-JJB

**RULING**

This matter is before the court on a motion (doc. 31) by plaintiff Tribute Real Estate, LLC ("Tribute") to dismiss defendant's first supplemental and amended counterclaim. Defendant Regal Cinemas, Inc. ("Regal") has filed an opposition (doc. 35), and Tribute has filed a reply (doc. 38). Oral argument is not necessary.

The underlying lawsuit in this matter arises from damage to property owned by plaintiff Tribute and leased to defendant Regal.[1] The damage was allegedly caused by Hurricane Gustav and a March 2009 severe weather event. Regal's counterclaim alleges breach of the written lease agreement and unjust enrichment, due to the lessor's failure to make the required repairs to the leased premises. In the present motion, Tribute seeks to dismiss Regal's counterclaim for failure to state a claim under Rule 12(b)(6).

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, or

---

[1] The property was initially leased to United Artist Theatre Circuit, Inc. Regal is the successor to United's interest in the lease.

1

counterclaim, courts accept all well-pleaded facts as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, the complaint or counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a claimant must provide sufficient factual content for the court to reasonably infer that the claimant is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

In its motion, Tribute argues that Regal failed to state a claim for relief in its counterclaim because a portion of the lease releases Tribute from liability. In opposition, Regal contends that the purported "release" portion of the lease only applies to third party liability. Regal also points to other portions of the lease that potentially conflict with Tribute's reading of the "release" section. The court is not required to resolve all of these arguments at present, however. The only issue before the court is whether Regal's counterclaim states a plausible claim upon which relief can be granted.

In support of its breach of lease claim, Regal's counterclaim makes numerous assertions. Regal alleges that there was a valid lease between the parties, that Tribute had the obligation as landlord to make necessary repairs to the lease premises after a casualty event, that the building was damaged

2

(including specifically the building's roof and HVAC system) as a result of Hurricane Gustav, that Tribute failed to make the necessary repairs to the building after being informed of the damage, and that Regal had to pay to have the building properly repaired when Tribute refused to do so. In opposition to Tribute's motion, Regal also points to specific provisions of the lease agreement that purportedly undermine the viability of Tribute's motion. The court finds that the allegations in the counterclaim for breach of lease suggest an actual entitlement to relief above the level of mere speculation.

To establish a claim for unjust enrichment under Louisiana law, a claimant must show: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, (4) the absence of justification or cause for the enrichment and impoverishment, and (5) no other remedy at law. *Baker v. Maclay Props. Co.*, 648 So.2d 888, 897 (La. 1995). Moreover, the Louisiana Civil Code provides,

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

LA. CIV. CODE art. 2298.

Tribute contends that Regal has not alleged and cannot establish that the enrichment was "without cause" as the term is used in article 2298 of the Civil

3

Code.  Regal fails to address this argument in its opposition.  Tribute further asserts that an unjust enrichment claim is properly dismissed when any other remedy exists, regardless of the viability of that remedy. *Garber v. Badon & Ranier*, 981 So.2d 92, 100 (La. App. 3d Cir. 2008).  As expressed by the court in *Garber*, "it is not the success or failure of other causes of action, but rather the *existence* of other causes of action, that determine whether unjust enrichment can be applied." *Id.*  The court finds that Regal's unjust enrichment claim should be dismissed, as the remedy Regal seeks is available, if at all, pursuant to the lease agreement between the parties.

Accordingly, Tribute's motion to dismiss is GRANTED as to the portion of Regal's counterclaim alleging unjust enrichment and is DENIED in all other respects.

Signed in Baton Rouge, Louisiana, on February 14, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**