UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRIBUTE REAL ESTATE, LLC

VERSUS

UNITED ARTIST THEATRE CIRCUIT, INC., ET AL.

CIVIL ACTION

NO. 10-106-JJB

## RULING

This matter is before the court on a motion (doc. 40) for partial summary judgment filed by defendant Regal Cinemas, Inc. ("Regal"), which plaintiff Tribute Real Estate, LLC ("Tribute") has opposed (doc. 51). This matter is also before the court on a motion for summary judgment filed by Tribute (doc. 44), which Regal has opposed (doc. 54). Tribute has requested oral argument (doc. 52) on Regal's motion; however, the court finds that oral argument is not necessary.

The underlying lawsuit in this matter arises from damage to property owned by plaintiff Tribute and leased to defendant Regal.[1] The damage was allegedly caused by Hurricane Gustav and a March 2009 severe weather event. Regal's counterclaim alleges breach of the written lease agreement due to the lessor's failure to make repairs to the leased premises. In a previous ruling (doc. 39), this court dismissed the portion of Regal's counterclaim alleging unjust enrichment.

---

[1] The property was initially leased to United Artist Theatre Circuit, Inc. Regal is the successor to United's interest in the lease.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

Interpretation of an insurance contract presents a question of law and is therefore an issue appropriate for determination by summary judgment. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 878 (5th Cir. 2009).

In support of its breach of lease counterclaim, Regal alleges that Tribute had the obligation as landlord to make necessary repairs to the lease premises after a casualty event, that the building was damaged as a result of Hurricane Gustav, that Tribute failed to make the necessary repairs to the building after being informed of the damage, and that Regal had to pay to have the building properly repaired when Tribute refused to do so.

The lease mandates in section 15(b) that Regal:

> carry and maintain, at Tenant's sole expense, business interruption insurance . . . and insurance against perils customarily included within all-risk and fire and extended coverage on the Building and on Tenant's trade fixtures, equipment and other personal property on or about the Premises, in an amount equal to the full replacement value of the Building, Tenant's trade fixtures, equipment and other personal property on or about the premises at the time of loss.

The lease further provides for a release of all claims resulting from any risks covered by insurance. Specifically, section 12 of the lease states, "Landlord and Tenant hereby release one another from any and all claims caused by or resulting from risks insured against under any insurance policies carried by the parties and in force at the time of any such claims."

The court agrees with Tribute that this language in section 12 clearly indicates Regal has released any and all claims against Tribute for the covered

3

risks, which form the basis of Regal's breach of lease counterclaim. Section 12 of the lease is free from any ambiguity and, under Louisiana law, must be interpreted and enforced as written in furtherance of the parties' mutual intent. *See* La. Civ. Code arts. 2045, 2046. Releases contained in leases, such as here, have been enforced by Louisiana courts. *See Home Ins. Co. of Illinois v. Nat'l Tea Co.*, 588 So.2d 361 (La. 1991). *See also Resolution Trust Corp. v. Gasper-Virgillio*, 27 F.3d 178, 180 (5th Cir. 1994); *McAuslin v. Grinnell Corp.*, No. 97-803, 1999 WL 203279 (E.D. La. Apr. 8, 1999). Tribute has established that the damages specified in Regal's counterclaim are for covered risks for which Regal, as required, had an insurance policy.

Regarding the issue of attorneys' fees and costs, the court declines to grant summary judgment on this issue. According to section 31 of the lease, the "prevailing party shall be entitled to recover reasonable attorneys' fees, injunction bond premiums and costs" (doc. 40-2, pp. 5-6, no. 16). Neither party has yet prevailed as this case has not been concluded. Even though Regal's counterclaim is being dismissed, Regal may or may not ultimately prevail on the remaining issues.

Accordingly, Regal's motion (doc. 40) for summary judgment is hereby DENIED. Tribute's motion (doc. 44) for summary judgment is GRANTED and

Regal's counterclaim for breach of lease is DISMISSED.[2] Tribute's motion (doc. 52) for oral argument is DENIED.

Signed in Baton Rouge, Louisiana, on August 4, 2011.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[2] Regal's claim for attorneys' fees and costs is reserved.