UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRIBUTE REAL ESTATE, LLC

CIVIL ACTION

VERSUS

NO. 10-CV-106-JJB

UNITED ARTIST THEATRE
CIRCUIT, INC., ET AL

## **RULING**

This matter is before the Court on two motions, one brought by each party.

First, Defendant Regal Cinemas ("Regal") brings a motion to reconsider (doc. 61)

a prior ruling granting partial summary judgment to Plaintiff Tribute Real Estate

("Tribute") and denying same to Regal and dismissing Regal's counterclaim (doc.

56). Tribute filed an opposition (doc. 64) and Regal replied (doc. 71). Second,

Tribute brings another motion for partial summary judgment (doc. 59) seeking the

Court to make certain declarations related to the insurance contract provision of

the lease between the parties. Regal filed an opposition to this motion (doc. 62)

and Tribute replied (doc. 67). Regal then was allowed by the Court to file a sur-

reply (72). The Court will address the motion to reconsider first.

The Court has wide discretion to reconsider any interlocutory rulings under

Rule 54(b) before final judgment is granted. *van Heerden v. Bd. of Sup'rs of La.*

*State Univ. and Agricultural and Mechanical College*, 2010 WL 254746 (M.D. La.

2010). Although the exact legal standard for such a motion is unclear, the Court

notes that "the ultimate responsibility of the federal courts, at all levels, is to

reach the correct judgment under law." *Am. Canoe Ass'n, Inc., v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).

Regal argues the Court erred in finding Regal has released all claims against Tribute under the lease. The thrust of the argument is that the $500,000 deductible Regal had on its insurance policy was not a "risk insured against" as provided for in the policy and that it should be allowed to press its claim against Tribute for reimbursement of that money. The Court finds this argument wholly without merit. As the Court has previously stated, Section 12 of the lease provides "Landlord and Tenant hereby release one another form any and all claims caused by or resulting from risks insured against under any insurance policies carried by the parties and in force at the time of any such claims." A claim for reimbursement of a deductible that was paid as a result of a covered event is a claim "resulting from risks insured against" and is covered by this provision. As the Court reached the correct judgment in its earlier ruling, the motion to reconsider is DENIED.

As for the motion for summary judgment, Tribute seeks a declaration that the insurance policy must be interpreted to provide: (1) the insurance which Regal is required to maintain under the Lease is for the benefit of the owner of the building (Tribute); (2) in the event of a covered loss, Regal is obligated to make a claim under the insurance policy and to contribute the insurance proceeds towards the cost of repairs; and (3) to the extent that such loss is less

than the amount of Regal's deductible, the cost of the repair is borne by Regal. (Doc. 59-1 at 2). And while these three statements may ultimately prove to be true, the Court finds that the issue is not properly before the Court at this time. Although there still is pending litigation between the parties before this Court, the requested declarations relate to hypothetical future events not related to the claims. And while the resolution of the other claims may well answer the questions posed by Tribute, such a hypothetical decision would stand at odds with the Article III prohibition against federal courts issuing advisory opinions. Therefore, summary judgment on this issue is DENIED.

## CONCLUSION

For these reasons, Regal's motion to reconsider (doc. 61) is DENIED and Tribute's motion for summary judgment (doc. 59) is also DENIED.

Signed in Baton Rouge, Louisiana, on May 4, 2012.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**